By the Court.
It often happens that all the witnesses necessary to support a public prosecution, are brought unwillingly to give evidence ; and the act could never intend there should be a prosecutor ^indorsed, J unless there was really a prosecutor existing, for the words in the act *7 are, the prosecutor. And as no person in the present ease is. proved to ’be active in carrying on the prosecution, the defendant must plead to the indictment, without any indorsement.
It was then moved, that the defendant himself might be sworn to prove the person prosecuting; but denied by the Court, who said, it must be proved by indifferent witnesses, (a)

 There are many cases, however, in which a party to a suit has been admitted to prove facts not immediately connected with the issue. Thus, the service of notice to produce papers, may be proved by a party. (Jordan v. Cooper, 3 S. & R. 675.) So, the loss of a bill of exchange may be proved by the plaintiff, in an action against the acceptor, its previous existence having been proved. (Meeker v. Jackson, 3 Yeates 442.) So of a lottery ticket. (Snyder v. Wolfley, 8 S. & R. 328.) So, in Dehaven v. Henderson, post, p. 424, a plaintiff was admitted to prove the loss of an order given to him by the adjutant-general, for the restoration of property seized by the defendant, to let in evidence of its contents. So, a plaintiff has been admitted to prove the death of a subscribing witness to a deed, in order to let in evidence of his handwriting. (Douglass v. Sanderson, 2 Dall. 116, s. c. 1 Yeates 15.) But he is not competent to prove the handwriting of a witness to a deed (Peters v. Condron, 2 S. & R. 80); nor to prove the handwriting of a person (since dead) by whom the entries in his book were made. (Karsper v. Smith, 1 Bro. app. liii.)
And see Sneider v. Geiss, 1 Yeates 34; Miller v. McClenachan, Id. 144; Davis v. Houston, 2 Id. 289; Coxe v. Ewing, 4 Id. 429; Lodge v. Phipher, 11 S. & R. 333.